UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

CHAD HENDERSON,                )
                               )
    Plaintiff,                 )
                               )
v.                             )   No. CIV-14-434-HE
                               )
GC SERVICES, LP,               )
                               )
    Defendant.                 )

## PLAINTIFF'S COMPLAINT

Plaintiff, CHAD HENDERSON ("Plaintiff"), through Plaintiff's attorney, Victor R. Wandres, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., *47 U.S.C. 227*, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Ada, Pontotoc County, Oklahoma.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

13. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  See Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. See Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff regarding a student loan.

21. The alleged debt owed arises from transactions for personal, family, and household purposes.

22. Within in the last year, Defendant was hired to collect on the debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

24. Defendant called Plaintiff's cellular telephone at 580-235-82xx in an attempt to collect on the alleged debt.

25. Defendant also called Plaintiff's work telephone at 580-889-33xx in an attempt to collect on the alleged debt.

26. On numerous occasions, Plaintiff told Defendant to stop calling Plaintiff.

27. Furthermore, on numerous occasions, Plaintiff told Defendant specifically to stop calling Plaintiff at work.

28. Despite this, Defendant continued to call Plaintiff, both on his cellular telephone and on his work telephone.

29. On December 19, 2013, a cease and desist letter was faxed to Defendant instructing Defendant to stop calling Plaintiff. *See* Exhibit A.

30. The aforementioned cease and desist letter contained one of Plaintiff's attorney's names,

address, and contact information. *See* Exhibit A.

31. Despite this, Defendant continued to call Plaintiff, including a call that was placed to Plaintiff on December 20, 2013, at 2:15 p.m.

32. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect the debt.

33. Often when Defendant called Plaintiff, an automated recording played.

34. Therefore, Defendant called Plaintiff using an autodialer system.

35. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

36. Plaintiff is not a customer of Defendant's services, and has never given Defendant permission to contact his cellular telephone number.

37. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. 227(b)(1)(B).*

38. In 2012, Plaintiff orally agreed with Defendant to allow monthly payments to be drawn from Plaintiff's checking account, and paid towards Plaintiff's debt.

39. During the last five months of the payment agreement, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

40. The payment plan which Defendant induced Plaintiff to enter required Plaintiff to pay $200.00 to Defendant, to be automatically electronically transferred from Plaintiff's checking account every month.

41. Despite having entered into a payment plan with Defendant, Defendant continued to place

telephone calls to Plaintiff, Plaintiff's family members, and Plaintiff's co-workers up to four times a day in attempt to collect on the debt.

42. Defendant placed collection calls to Plaintiff's daughter on her cellular telephone number at 580-340-08XX in an attempt to collect on the debt.

43. Defendant has been placing collection calls to Plaintiff's daughter since June of 2013.

44. On numerous occasions, Plaintiff's daughter has told Defendant to stop calling.

45. On numerous occasions, Plaintiff told Defendant to stop calling Plaintiff's daughter.

46. Despite this, Defendant continued to call Plaintiff's daughter.

47. Defendant places collection calls to Plaintiff's wife on her cellular telephone number at 918-399-61XX in an attempt to collect on the alleged debt.

48. Defendant has been placing collection calls to Plaintiff's wife's since August of 2013, before Plaintiff had married his wife.

49. On numerous occasions, Plaintiff told Defendant to stop calling Plaintiff's wife.

50. Despite this, Defendant continued to call to Plaintiff's wife.

51. On January 3, 2014, a cease and desist letter was sent to Defendant instructing Defendant to stop calling Plaintiff's wife. *See* Exhibit B.

52. The aforementioned cease and desist letter contained one of Plaintiff's attorney's names, address, and contact information. *See* Exhibit B.

53. Despite this, Defendant continued to call Plaintiff's wife daily, placing up to four calls per day.

54. Defendant's wife and daughter were not co-signors on Plaintiff's debt and do not owe Plaintiff's debt.

55. Despite this, Defendant continued to place telephone calls to Plaintiff's daughter and wife

up to four times a day in attempt to collect on the alleged debt.

56. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at one voicemail message regarding the alleged debt.

57. Defendant's voicemail message was a humming noise.

58. Defendant's voicemail message for Plaintiff did not state that the message is from GC Services, LP.

59. Defendant's voicemail message for Plaintiff did not state that the message was an attempt to collect a debt.

60. Defendant has spoken with Plaintiff's co-workers, including Plaintiff's chief operating officer.

61. Specifically, Defendant's collector Ed Jennings told Plaintiff's co-workers and chief operating officer that Plaintiff's wages may be garnished.

62. Defendant has called Plaintiff from various numbers, including calls from 918-379-4316 and 405-463-2805

63. The telephone numbers of 918-379-4316 and 405-463-2805 are two of Defendant's telephone numbers.

64. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the debt, or to increase the amount Plaintiff was willing to pay.

65. Defendant has caused Plaintiff great anxiety, stress, and humiliation from being incessantly contacted by Defendant, and having Defendant consistently call Plaintiff's daughter, Plaintiff's wife, and Plaintiff's co-workers, despite having made ongoing electronic payments in connection with the same debt.

66. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

67. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

68. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

69. Defendant recorded all of its telephone communications with third parties regarding the Account.

70. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

71. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

72. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

73. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692b(2) of the FDCPA by communicating with Plaintiff's co-workers and chief operating officer and stating that Plaintiff owes a debt;

    b. Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff's co-workers, Plaintiff's chief operating officer, Plaintiff's daughter, and Plaintiff's wife more than once after being told not to communicate with them again;

    c. Defendant violated §1692b(6) of the FDCPA by communicating with Plaintiff's wife after Defendant knew that Plaintiff was represented by an attorney and could readily ascertain the attorney's name and address;

    d. Defendant violated §1692b(6) of the FDCPA by communicating with Plaintiff

    after Defendant knew that Plaintiff was represented by an attorney and could readily ascertain the attorney's name and address;

e. Defendant violated §1692c(a)(3) of the FDCPA by continuing to call Plaintiff at his place of employment after Plaintiff told Defendant to stop calling;

f. Defendant violated §1692c(b) of the FDCPA when Defendant contacted Plaintiff's co-workers and chief operating officer, Plaintiff's daughter, and Plaintiff's wife, third parties, without Plaintiff's permission, and after Defendant was already in touch with Plaintiff, in an attempt to collect a debt from Plaintiff;

g. Defendant violated §1692c(c) of the FDCPA when Defendant continued to contact Plaintiff after being told in writing that Plaintiff wished Defendant to cease further communication with Plaintiff;

h. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt when Defendant repeatedly and continuously contacted Plaintiff up to four times per day in connection with an alleged debt which Plaintiff had previously been making automatic electronic recurring payments towards, and after Plaintiff had told Defendant to stop calling;

i. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant repeatedly placed collections calls to Plaintiff up to four times per day in connection with an alleged debt on which Plaintiff had already been making regular and recurring automatic electronic payments;

j. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP;

k. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

l. Defendant violated §1692e(4) of the FDCPA representing that nonpayment of any debt would results in garnishment;

m. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt;

n. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt; and

o. Defendant violated *§1692f(2)* of the FDCPA when Defendant accepted payment by check or other payment instrument postdated by more than five days without notifying Plaintiff in writing of the debt collector's intent to deposit such check or instrument.

74. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

75. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CHAD HENDERSON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

76. Actual damages;

77. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

78. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

79. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

80. Plaintiff repeats and re-alleges paragraphs 1-72 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

81. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency unsolicited calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or texting system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

82. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

83. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

84. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHAD HENDERSON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

85. As a result of Defendant's negligent violations of *47 U.S.C. 227(b)(1),* Plaintiff is entitled

to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

86. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. 227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)* and *47 U.S.C. 227(b)(3)(C)*.

87. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

88. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 29, 2014            By: /s/ Victor R. Wandres
                              Victor R. Wandres, OBA #19591
                              4835 South Peoria Ave., Suite 1
                              Tulsa, OK 74105
                              Tel: 918-200-9272
                              victor@paramount-law.net
                              Attorney for Plaintiff